## EMBODYING IN PETITION COPY OF INSTRUMENT SUED ON.

Common Pleas Court of Lorain County.

LENORA FABER v. A. V. HAGEMAN.

Decided, 1913.

*Pleading—Setting Out in Haec Verba the Instrument Upon Which Claim is Made—Sections* 11333, 11334 *and* 11305.

In an action for recovery of the amount due on a promissory note, a motion does not lie to strike from the petition the written guaranty by the defendant of payment of the note forming the basis of the claim.

*H. A. Pounds,* for plaintiff.
*W. B. Thompson,* contra.

STROUP, J.

The plaintiff in her petition says that on the 31st day of November, 1906, she loaned to Charles E. Mudge and E. T. Mudge the sum of $3,000, and that said parties executed and delivered to her a promissory note for such sum, due and payable on or before one year after date; that the loan was made at the instance and request of defendant, and that as an inducement and consideration for making said loan the defendant entered into an agreement in writing with plaintiff by the terms of which said agreement the defendant guaranteed to the plaintiff the payment of said note and the amount thereof when due. The petition then recites *verbatim* the instrument, which is as follows:

"LORAIN, O., Nov. 3rd, 1906.

"LENORA FABER, Elyria, O.

"*Dear Madam*: I hereby agree to see that note dated today given by Chas. E. Mudge and E. T. Mudge of three thousand dollars, due on or before one year after date, is paid when due, it being understood that you are to advise me at least thirty days before said note is due.

"Very truly, A. V. HAGEMAN."

Plaintiff further states in her petition that she advised and notified the defendant at least thirty days before said note was due, in accordance with the terms of said agreement, and that no part of said note or said sum of $3,000 has been paid, and that defendant has wholly failed and refused to pay the same or any part thereof; that there is now due on said note the sum of $3,270, for which plaintiff claims judgment against defendant.

To this petition the defendant has filed a motion asking for an order to strike out of said petition the instrument set out therein.

It is urged by the defendant in support of his motion that there is no authority for setting out *in haec verba* an instrument such as is set forth in the petition, and especially is this so in view of the recent case found in 82 O. S., 240.

It becomes necessary for the court in passing upon this question to consider General Code, Section 11333 and Section 11334, formerly Sections 5085 and 5086, Revised Statutes, and originally Sections 117 and 122 of the old code, as well as Section 11305, General Code, formerly Section 5057 of the Revised Statutes.

Much difficulty had arisen in the application of and the construction to be placed upon these sections of the statute, and while it may seem somewhat academic to review these sections it is necessary, I deem it, to do so in order to properly dispose of the question presented.

General Code, Section 11333, reads as follows:

"When the action, counter-claim or set-off is founded on an account, or on a written instrument as evidence of indebtedness,

a copy thereof must be attached to and filed with the pleading. If not so attached and filed the reason for the omission must be stated in the pleading.''

It will be seen that this section refers to an instrument as evidence of indebtedness, and when an action, counter-claim or set-off is founded on such an instrument, there is no other alternative than that a copy of the instrument must be attached to and filed with the pleading, and if it is not so attached the reason for the omission must be stated. It will be borne in mind that this statute does not say that the instrument as evidence of indebtedness shall be attached to and made a part of the pleading, but merely attached to and filed with the pleading, and it also should be borne in mind that the language is imperative that it *must* be attached to and filed with the pleading.

The next section, General Code, Section 11334, reads as follows:

''In an action, counter-claim or set-off founded upon an account or upon an instrument for the unconditional payment of money only, it shall be sufficient for the party to set forth a copy of the account or instrument, with all credits and the endorsements thereon, and to state that there is due to him on such account or instrument from the adverse party a specified sum which he claims, with interest. When others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties, the facts which fix their liability also must be stated.''

The construction placed upon these sections by Judge Swan in Pleading and Precedents, is most instructive and is treated in a masterful manner. His work was written when the original code was in its infancy. It is interesting to note that after the enacatment of the original code it was decided by some of the courts that when an action was brought on an instrument for the unconditional payment of money only, the pleader if he saw fit to embody in the pleading a copy of the instrument, such as a note, must also attach a copy to the petition, as provided by Section 11333 of the General Code, but this author says that such is not the case, and in construing both sections together it would be a useless practice.

It is also interesting to note that when an action, counter-claim or set-off is founded on an account or upon an instrument for the unconditional payment of money only the section does not make it imperative to put into the pleading a copy of the note, but it merely says that it shall be sufficient for the party to set forth a copy of the account or instrument. The practice now generally followed is to incorporate into the pleading the instrument, although it is permissible to attach a copy to the pleading, and if it is so attached it is not necessary to say that such copy is a part of the pleading, as Judge Swan says that it becomes a part of the pleading by force of the statute. This, it will be borne in mind, has reference only to instruments for the unconditional payment of money only.

In the case at bar the instrument sued on is not one for the unconditional payment of money only, but at most is an evidence of indebtedness such as is referred to in Section 11333, General Code. That section, as I have stated, merely states that a copy of such instrument must be attached to and filed with the pleading, but at this point it is necessary to refer to the other section above referred to but not quoted, namely, Section 11305, General Code, a part of which reads as follows:

"The first pleading shall be the petition by the plaintiff, which must contain: First, a statement of facts stating a cause of action in ordinary and concise language."

As I have said, it is urged by the defendant that since this instrument is not for the unconditional payment of money only, and not falling within the meaning of Section 11334, General Code, as being an instrument for the unconditional payment of money only, a copy thereof must be attached to and filed with the pleading. In this connection Judge Swan, in his work, at page 197, has this to say, which is decisive of the question presented:

"The whole question, then, in regard to setting forth in the pleading a copy of the instrument upon which the action, counter-claim, or set-off is founded, except as to accounts, notes, bills and other instruments, for the unconditional payment of

money only, is left to be determined by the courts, under the general rules of pleading prescribed by the code. It was proper that it should be so; for, in many cases, there is no more concise and precise mode of stating a cause of action or defense in pleading, than averring the execution of an instrument and setting it out; then averring that the party pleading 'duly performed all the conditions therein contained on his part,' and assigning breaches. Pleading thus made up, in many cases, conforms entirely to the rules of conciseness, definiteness and relevancy, prescribed by the code."

The author then goes on to say that there is then a very obvious limit to this mode of pleading, as in cases where there is embodied in the instrument language which is not relevant or pertinent to the controversy, as where it would unduly encumber the pleading and increase the costs or obscure the precise nature of the charge or defense. The author says that if the action is founded upon a judgment it will be improper to copy the record into the pleading; so in an action for rent arising upon a lease, containing various stipulations as to repairs, etc.; in these and like cases if the party copied these instructions into the pleading or made them part of the pleading by allegation, the court, on motion, would order the copy to be stricken out, and thus compel an amendment. And he goes on to say that although in certain cases the language of the instrument may be relevant, it is not good pleading to copy the instrument into the pleading, such as in an action upon a covenant of warranty, the attestation and acknowledgment and the granting part of a deed may not be irrelevant matters of allegation, but this would not justify copying the whole deed and acknowledgment into a petition.

Kinkead, in his work on Code Pleading, 2d Edition, Section 57, in referring to the dissertation of Judge Swan in his work, has this to say:

"Despite the fact that a distinguished jurist and author, while the code was in its infancy, placed a construction on Section 5085-6 of the code relating to attaching and pleading copies of written instruments which has not since been made clearer by any court or writer, there is at this time considerable confusion, diversity of practice and lack of understanding as to these two provisions."

Then this author attempts to throw further light upon the subject as may be derived from the practice and experience of the bar and adjudications in those states which have adopted the same provisions.    It suffices to say that he adopts the construction placed upon the sections by Judge Swan.

In the case of *Crawford et al* v. *Satterfield,* 27 O. S., 21, the Supreme Court of this state held that "in actions founded upon written agreements, other than for the unconditional payment of money only, it is not good pleading to copy the written instrument into the pleading, nor to attach a copy making it a part thereof." It will be noticed that the court did not say it was not good practice to attach a copy, but that it was not good practice to attach a copy making it a part of the pleading.    This is entirely in accord with Judge Swan's construction, and the Supreme Court refers with approval to Sections 198 and 199 of Swan's Pleading and Precedents.

But, as I have said, counsel for the defendant urges that the Supreme Court of this state in *State* v. *Collins,* 82 O. S., 240, has changed the established rule, but such is not the case, and a careful reading of the whole case will show that the Supreme Court did not intend the decision to apply generally to the subject of attaching of instruments to pleadings, but should be confined to the facts of that particular case.    Judge Shauck in that case uses these words, which are claimed by the attorney for the defendant to bear out his contention:

"These instruments, not being for the unconditional payment of money, nor evidence of indebtedness existing at the time of their execution, are not within the provisions of Sections 5085 or 5086, Revised Statutes."

It is urged in the case at bar that the Supreme Court meant to say that instruments such as is sued upon in this case are not evidence of indebtedness existing at the time of their execution. That case was an action upon the official bond of a county commissioner to recover indemnity to the county on account of damages which it had been compelled to pay for injuries to persons and property resulting from negligence of the board of county

commissioners in maintaining a highway. A reading of the case will show that at the time the bond was given counties were not liable on account of the negligence of the commissioners, but that Section 845, Revised Statutes, as amended April 13, 1894, imposed a limited liability on such boards. The bond was given prior to the amendment and Judge Shauck says that at the time of the execution of the bond it was not an evidence of indebtedness, as such liability could not be read into the bond after the same had been executed. That sufficiently explains what the court meant by the language I have quoted. In that case the petition embodied the bond of the commissioner. This was poor pleading and the court, as I have said, had the particular facts of that case in view when the decision was rendered, and certainly the Supreme Court did not intend to have its language applied generally to instruments as evidence of indebtedness or as changing the time-honored practice.

In this case, if the instrument were not embodied in the petition the substance of it would have to be alleged and a copy attached, and Judge Swan, as I have said, endorses and commends the practice, where the language is all relevant to the controversy, to embody the instrument in the pleading, as he says that it is in harmony with the statute which provides that the cause of action shall be stated in ordinary and concise language. Certainly no prejudice can result to the defendant, and I hold that the petition is good pleading.

The motion to strike the instrument from the petition will be overruled, and an exception noted.